## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ANDY MARTINEZ MELENDEZ,** | : | **CIVIL ACTION NO. 1:11-CV-2312** |
| | : | |
| **Petitioner,** | : | **(Judge Conner)** |
| | : | |
| **v.** | : | |
| | : | |
| **WARDEN DAVID EBBERT,** | : | |
| | : | |
| **Respondent** | : | |

### MEMORANDUM

Presently before the court is a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 (Doc. 1) filed by petitioner Andy Martinez Melendez ("Melendez"), requesting that this court vacate his federal sentence as "[h]e is in custody in violation of the Constitution or laws or treaties of the United States."  (Doc. 1 at 2.) He specifically argues that the sentence is illegal because the sentencing judge failed to adhere to the sentence set forth in the plea agreement.  (Doc. 1, at 7.)

Preliminary review of the petition has been undertaken, see R. GOVERNING § 2254 CASES R.4[1], and, for the reasons that follow, the petition will be dismissed for lack of jurisdiction.

I.   **Background**

On May 13, 2007, Melendez was arrested in Puerto Rico and charged with Car jacking in violation of 18 U.S.C. § 2119(2), and Carrying a Firearm in violation of 18 U.S.C. § 921(a)(3).  (Doc. 1, at 4-5.)  On May 8, 2008, he executed a written plea

---

[1]These rules are applicable to petitions under 28 U.S.C. § 2241 in the discretion of the court.  See R. GOVERNING § 2254 CASES R.1(b)

agreement which recommended a sentence of 144 months of imprisonment[2]. (Id. at 5.) On September 2, 2008, the United States District Court for the District of Puerto Rico notified Melendez that the sentence set forth in the plea agreement was not accepted by the Court. (Id.) On December 2, 2008, the district court imposed a sentence of 177 months of incarceration in a federal prison. (Id. at 6.) No appeal was filed. (Id.) No collateral remedies were pursued.

On December 14, 2011, Melendez filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Doc. 1.)

## II.   Discussion

Challenges to the legality of federal convictions or sentences that are allegedly in violation of the Constitution may generally be brought only in the district of sentencing pursuant to 28 U.S.C. § 2255. Okereke v. United States, 307 F.3d 117, 119 (3d Cir. 2002) (citing Davis v. United States 417 U.S. 333, 342 (1974)); see In re Dorsainvil, 119 F.3d 245 (3d Cir. 1997). Once relief is sought *via* section 2255, an individual is prohibited from filing a second or subsequent 2255 petition unless the request for relief is based on "newly discovered evidence" or a "new rule of constitutional law." 28 U.S.C. § 2255.

---

[2]The plea agreement states "[a]s part of this plea agreement, the parties recommend a sentence of twenty-four (24) months imprisonment for Count One. Count Two carries a consecutive one hundred twenty (120) month sentence for a total period of imprisonment of one hundred forty [four] (144) months." (Doc. 1, Exhibit B, at 6.)

Further, such claims may not be raised in a § 2241 petition except in unusual situations where the remedy by motion under § 2255 would be inadequate or ineffective.  See 28 U.S.C. § 2255; see Dorsainvil, 119 F.3d at 251-52.  Importantly, §2255 is not "inadequate or ineffective" merely because the sentencing court has previously denied relief.  See id. at 251.  Nor do legislative limitations, such as statutes of limitation or gatekeeping provisions, placed on § 2255 proceedings render the remedy inadequate or ineffective so as to authorize pursuit of a habeas corpus petition in this court.  Cradle v. United States, 290 F.3d 536, 539 (3d Cir. 2002); United States v. Brooks, 230 F.3d 643, 647 (3d Cir. 2000); Dorsainvil, 119 F.3d at 251.  If a petitioner improperly challenges a federal conviction or sentence under section 2241, the petition must be dismissed for lack of jurisdiction.  Application of Galante, 437 F.2d 1164, 1165 (3d Cir. 1971).

In the matter *sub judice*, Melendez attempts to raise, for the first time, the issue of whether the sentence imposed by the United States District Court for the District of Puerto Rico should be vacated as illegal because the sentencing judge failed to adhere to the sentence set forth in the plea agreement.  (Doc. 1, at 7.)  As noted above, he may not raise his present claim in a § 2241 petition without establishing that the remedy by motion under § 2255 would be inadequate or ineffective.  See 28 U.S.C. § 2255; see Dorsainvil, 119 F.3d at 251-52.  Clearly he is unable to establish inadequacy or ineffectiveness of § 2255 as he has not pursued the claim in the collateral remedy process.  However, even if he had raised it, his lack of success in that forum does not entitle him to proceed pursuant to § 2241.

The remedy afforded under § 2241 is not an additional, alternative, or supplemental remedy to that prescribed under § 2255.  Consequently, the court will dismiss this § 2241 petition for lack of jurisdiction.

An appropriate order will issue.


  S/ Christopher C. Conner    
CHRISTOPHER C. CONNER
United States District Judge

Dated:      January 18, 2012

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ANDY MARTINEZ MELENDEZ,** | : | **CIVIL ACTION NO. 1:11-CV-2312** |
| | : | |
| **Petitioner,** | : | **(Judge Conner)** |
| | : | |
| **v.** | : | |
| | : | |
| **WARDEN DAVID EBBERT,** | : | |
| | : | |
| **Respondent** | : | |

### ORDER

AND NOW, this 18th day of January,  2012,  upon consideration of the

petition for writ of habeas corpus (Doc. 1), and for the reasons set forth in the

accompanying memorandum, it is hereby ORDERED that:

1.    The petition for writ of habeas corpus (Doc. 1) is  DISMISSED for lack
of jurisdiction.

2.    The Clerk of Court is directed to CLOSE this case.


    S/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge